## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN TROY WOLTZ, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 24-CV-6296 |
| : | |
| SUSAN GOOD, *et al.*, : | |
|     Defendants. : | |

### MEMORANDUM

**SCOTT, J.**                                                                                                **DECEMBER 13, 2024**

        In a prior Memorandum and Order, the Court dismissed two cases brought by Brian Troy Woltz against his landlord. *See Woltz v. Good*, Nos. 24-4529, 24-4532, 2024 WL 4043449 (E.D. Pa. Sept. 4, 2024). Woltz's requests for petitions for writs of mandamus were dismissed because the Court lacked subject matter jurisdiction to grant the writs. Also, a state court case he sought to remove to this Court was remanded to the state court for lack of subject matter jurisdiction. *Id*. Woltz has now filed a new case seeking a "writ of quo warranto, sanctions, disqualification, and declaratory judgment" naming the same parties he named in the prior cases, as well as their attorneys, an assistant district attorney, and "judicial officers, court administrators, and other agents of the Court of Common Pleas of Bucks County." (Compl. (ECF No. 2) at 1, 4.) He also cites 42 U.S.C. § 1983 and may be seeking to assert civil rights claims. (*Id*. at 3.) For the following reasons, the case will be dismissed.

I.   FACTUAL ALLEGATIONS[1]

Woltz's prior petitions for writs of mandamus in Civil Action Nos. 24-4529 and 24-4532 referred to two cases pending in the Bucks County Court of Common Pleas styled *Good v. Woltz*, No. 2024-02434, and *Woltz v. Good*, No. 2024-04334.  He alleged that the judge assigned to those cases has failed to act on "numerous motions, including motions for default judgment and requests for expedited decisions."  (Civ. A. No. 24-4529, ECF No. 2 at 1-2.)  Based on factual allegations consisting primarily of legal citations and statements of supposed "maxims," he sought an order from this Court to compel the state court "to honor its judicial responsibilities, act in accordance with the principles of equity, and render decisions that provide the relief" he sought.  (*Id*. at 3.)  Attached to his Petitions were copies of docket sheets, motions, and other papers from the Bucks County Court of Common Pleas.  (*Id*. at 8-23.)  The Notice of Removal he filed referenced one of the Bucks County cases, No. 2024-2434.  (*See* ECF No. 4 at 44.)  The Bucks County case is a landlord-tenant matter that involved a notice to vacate a rental property.  *Woltz*, 2024 WL 4043449, at *2.  Because the federal mandamus statutes were inapplicable to Woltz's claims, the case was dismissed for lack of subject matter jurisdiction and the removed case was remanded because the removal was improper.  *Id*.

In his new Complaint, Woltz again recites "equitable jurisprudence" maxims and legal citations he claims support jurisdiction and venue in this Court to obtain relief in the form of orders interfering in his ongoing state court litigation, specifically an order to strike a state court

---

[1] The factual allegations set forth in this Memorandum are taken from Woltz's Complaint (ECF No. 2) and a Supplemental Affidavit (ECF No. 4) that he filed approximately one week later.  The Court will deem then entire submission to constitute the Complaint.  By way of background, the Court will also discuss the allegations Woltz made in his prior Petition for Writ of Mandamus in Civ. No. 24-4529 (ECF No. 2).  The Court adopts the sequential pagination assigned to all *pro se* documents by the CM/ECF docketing system.

2

motion to dismiss, impose sanctions, mandate independent oversight, and affirm his "constitutional protections." (Compl. at 3; 8-9.) Woltz also wants this Court to assume jurisdiction and issue a writ of *quo warranto* compelling state judges "to justify their actions," impose sanctions and disqualify the judges and attorneys in the state court case, and declare their actions null and void. (*Id*. at 10.) He alleges "pervasive judicial misconduct, administrative collusion, and systemic violations of constitutional rights within the state judiciary." (*Id*. at 2.) He claims his "efforts to secure justice in state court proceedings . . . have been thwarted by collusion among judges, court administrators, and opposing counsel." (*Id*.) In his Supplemental Affidavit, he recites numerous aspects of the proceedings in his state court case that "stand in direct contradiction to the principles that govern equity jurisprudence." (ECF No. 4 at 5; 6-48.) In the Supplemental Affidavit, in addition to the same equitable relief mentioned in the Complaint, Woltz seeks money damages based upon breach of contract, fraud, and unjust enrichment. (*Id*. at 52.)

## II.   STANDARD OF REVIEW

The Court grants Woltz leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences

in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)). However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

Also, when allowing a plaintiff to proceed *in forma pauperis* the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in

federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### III. DISCUSSION

#### A. *Quo Warranto* Relief

The *quo warranto* writ is available only in connection with proceedings over an individual's right to hold an office or position. *See*, *e.g.*, *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 502 (1933); *Newman v. Frizell*, 238 U.S. 537 (1915); *Barany v. Buller*, 670 F.2d 726, 735 (7th Cir. 1982). To the extent Woltz seeks a writ *quo warranto*, the request is dismissed because the writ may be sought only by the United States, and not by a private individual. *Cizek v. Davis*, No. 10-185, 2010 WL 5437286, at *3 (M.D. Pa. Nov. 29, 2010), *report and recommendation adopted* 2010 WL 5441969 (M.D. Pa. Dec. 28, 2010); *Wilkes v. North Carolina*, No. 19-699, 2019 WL 7039631 at *4 (M.D.N.C. Nov. 19, 2019) ("[Q]uo warranto is the prerogative writ by which the Government can call upon any person to show by what warrant he holds public office or exercises a public franchise and, as such, a private individual has no standing to institute such proceeding." (internal quotations omitted)) *report and recommendation adopted* 2019 WL 7037401 (M.D.N.C. Dec. 20, 2019), *aff'd* 821 F. App'x 256 (4th Cir. 2020); *Wright v. Magill*, No. 18-1815, 2019 WL 440554 at *1 (D. Minn. Feb. 4, 2019) ("Quo warranto is an extraordinary proceeding that is only authorized to be brought by the United States."). Because Woltz has no standing to seek one, the Court cannot issue the writ.[2]

---

[2] Woltz also invokes the All Writs Act (Compl. at 2) for the purpose of obtaining mandamus relief (*id*. at 6). The Court already denied Woltz this relief in Civil Action Nos. 24-4529, 24-4532.

### B. Section 1983 Claims

As Woltz cites to § 1983, he may be attempting to assert constitutional claims since it is the vehicle by which federal constitutional claims may be brought in federal court. "Section 1983 does not, by its own terms, create substantive rights; it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir.1996); *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) ("Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors.") (citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Twp. of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law.").

Woltz cannot proceed on his § 1983 claims since the injunctive relief that he seeks will interfere with the state court landlord-tenant case. The Anti-Injunction Act, 28 U.S.C. § 2283, "prohibits injunctions having the effect of staying proceedings in state courts except 'as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 314 F.3d 99, 103 (3d Cir. 2002) (quoting 28 U.S.C. § 2283)). "The Act 'is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions'" – authorization by Congress, necessary for aid of jurisdiction,

or to protect a judgment, which are to be construed narrowly. *Id.* (quoting *Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)).

Courts in the Third Circuit have consistently held that "[t]he Anti-Injunction Act precludes a federal court from enjoining state court eviction or foreclosure proceedings." *McMillan v. Nationstar Mortg. Co.*, No. 20-1321, 2020 WL 4201605, at *2 (E.D. Pa. July 22, 2020) (citing cases); *Frankel v. Guzman*, No. 20-5208, 2020 WL 6161512, at *2 (E.D. Pa. Oct. 21, 2020) (rejecting emergency request to enjoin eviction proceedings and noting weight of authority in Third Circuit to support holding); *Rhett v. Div. of Hous., Dep't of Cmty. Affairs*, No. 14-5055, 2014 WL 7051787, at *3 (D.N.J. Dec. 12, 2014) ("[T]o the extent Plaintiff requests that this Court dismiss the eviction proceedings or order them transferred to this Court, the Anti–Injunction Act prohibits this Court from taking such action."); *Frankel v. Kessler*, No. 21-0093, 2021 WL 229321, at *5 (E.D. Pa. Jan. 22, 2021) (dismissing complaint on screening and denying temporary restraining order where claims related to state court eviction proceeding were barred by Anti-Injunction Act). Because Woltz seeks as relief on his § 1983 claims that this Court assume jurisdiction over the state court case, strike a motion to dismiss, impose sanctions and disqualify the judge and attorneys, mandate independent oversight, and declare the results of the case null and void, these claims for relief are barred by the Anti-Injunction Act and will be dismissed.

To the extent that Woltz seeks money damages for his § 1983 claims, this is also barred. Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers

complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). The state court dockets Woltz attached to his Complaint indicate that he lost the landlord tenant case in state court. (ECF No. 2-1 at 126-32.) As part of that case, Woltz filed a counterclaim for money damages. (*Id*. at 129.) Judgement was entered on September 13, 2024 against Woltz. (*Id*. at 130.) Accordingly, his claims for money damages under § 1983 are barred.[3]

### C. State Law Claims

Since the federal question claims in this case have been dismissed, the Court will not exercise supplemental jurisdiction over any state law claims under 28 U.S.C. § 1367(c). Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)

---

[3] The § 1983 claim against the assistant district attorney, identified as Tim McCartney, is also dismissed because Woltz asserts no facts about how McCartney was personally involved in a violation of his constitutional rights. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.)

(internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Woltz does not allege the citizenship of the parties. Accordingly, he has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.

### D. All Writs Act

Because Woltz has repeatedly and improperly sought to have this Court interfere with his state court landlord-tenant case, the Court warns him that continuing this conduct will have consequences. Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), a district court may enjoin "abusive, groundless, and vexatious litigation." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993); *see also In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982). The "broad scope" of this power is limited by "two fundamental tenets of our legal system — the litigant's rights to due process and access to the courts." *Brow*, 994 F.2d at 1038. The Third Circuit has held that district courts "must comply with the following requirements when issuing such prohibitive injunctive orders against pro se litigants." *Id.* First, the Court should not restrict a litigant from filing claims "absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.*; *see also Matter of Packer Ave. Assoc.*, 884 F.2d 745,

747 (3d Cir. 1989). Second, the Court "must give notice to the litigant to show cause why the proposed injunctive relief should not issue." *Brow*, 994 F.2d at 1038; *see also Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987). Third, the scope of the injunctive order "must be narrowly tailored to fit the particular circumstances of the case before the [ ] Court." *Brow*, 994 F.2d at 1038; *see also Chipps v. United States Dist. Ct. for the Middle Dist. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989).

Woltz is placed on notice that filing additional cases seeking to have this Court intervene in his state court landlord-tenant case or his seeking to remove a case over which this Court may not exercise jurisdiction may result in the issuance of a prefiling injunction narrowly tailored to prevent the continuation of this vexatious litigation conduct.

## IV. CONCLUSION

For the reasons stated, this case is dismissed. The request for a *quo warranto* writ is dismissed without prejudice for lack of standing, the § 1983 claims seeking money damages and the state law claims are dismissed without prejudice for lack of jurisdiction, and the balance of the § 1983 claims are dismissed with prejudice. No leave to amend will be granted. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate Order follows.[4]

BY THE COURT:

*/S/ Kai N. Scott*
**KAI N. SCOTT, J.**

---

[4] The Order also denies as moot a motion Woltz filed for "clarification of service" (ECF No. 7).